T.C. Summary Opinion 2006-64

UNITED STATES TAX COURT

ELAINE HANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4950-05S.                Filed April 25, 2006.

Elaine Hang, pro se.

<u>Michael Berwind</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2001 a deficiency in petitioner's Federal income tax of $12,406 and a section 6662(a) accuracy-related penalty of $2,481.20. Petitioner has conceded that she is liable for the deficiency. The only issue remaining for decision is whether petitioner is liable for a section 6662(a) accuracy-related penalty.

## Background

At the time the petition in this case was filed, petitioner resided in Las Vegas, Nevada.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2001, which was prepared by a certified public accountant (C.P.A.). On February 2, 2005, respondent issued to petitioner a statutory notice of deficiency for 2001. Respondent determined that petitioner was liable for an accuracy-related penalty under section 6662(a), because there was a substantial understatement of income tax.

## Discussion

Section 7491(c) imposes the burden of production in any court proceeding on the Commissioner with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7941(c), the Commissioner must come forward with sufficient

evidence indicating that it is appropriate to impose the relevant penalty. Higbee v. Commissioner, supra.

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax (1) due to negligence or disregard of rules or regulations or (2) attributable to a substantial understatement of income tax. See sec. 6662(b)(1) and (2); see also DeCleene v. Commissioner, 115 T.C. 457, 476 (2000). A substantial understatement of tax exists if the amount of the understatement of tax exceeds the greater of 10 percent of the tax required to be shown on the tax return, or $5,000. See sec. 6662(d)(1)(A).

Respondent has met his burden of production, because he has shown that petitioner has mathematically understated her income tax liability within the meaning of section 6662(d)(1)(A).

Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade the Court that the Commissioner's determination is incorrect. Higbee v. Commissioner, supra at 446-447.

The accuracy-related penalty is not imposed with respect to any portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith. See sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs.

Generally, the most important factor is the extent of the taxpayer's efforts to evaluate his proper tax liability. Id. Reliance on the advice of a professional tax adviser does not necessarily demonstrate reasonable cause and good faith. Id.

The responsibility to file returns and pay tax when due rests upon the taxpayer and cannot be delegated, and the taxpayer, generally, must bear the consequences of any negligent errors committed by his or her agent. Pritchett v. Commissioner, 63 T.C. 149, 173-175 (1974); Ellwest Stereo Theatres, Inc. v. Commissioner, T.C. Memo. 1995-610.

For a taxpayer to rely reasonably upon advice so as to negate a section 6662(a) accuracy-related penalty determined by the Commissioner, the taxpayer must prove by a preponderance of the evidence that the taxpayer meets all of the following requirements: (1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002); Ellwest Stereo Theatres v. Commissioner, supra.

Petitioner testified that, in the preparation of her tax return, she submitted "everything" to her C.P.A. Once the return had been prepared, petitioner signed it without reviewing the

return or any of the attached schedules.  Petitioner contends that she is not liable for the penalty, because she relied on her C.P.A. to prepare her tax return and to ensure tax compliance. Petitioner relies solely on her oral testimony and has not shown, by a preponderance of the evidence, that her C.P.A. possessed sufficient relevant information or expertise to warrant her reliance on the C.P.A.'s judgment.

Respondent's determination that petitioner is liable for an accuracy-related penalty under section 6662(a) is accordingly sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.